# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4543

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY BERNARD ALEXANDER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:18-cr-00202-MOC-DSC-1)

Submitted:  April 26, 2022                                      Decided:  April 28, 2022

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Tony B. Alexander, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony B. Alexander appeals from the district court's judgment revoking his term of supervised release and sentencing him to time served to be followed by 29 months of supervised release. The district court found that Alexander violated the conditions of his supervised release by failing to report to the probation office as directed. On appeal, Alexander contends that his revocation hearing was not held within the time required by 18 U.S.C. § 4214(c), and he contests the sufficiency of the evidence supporting the finding that he violated the terms of his supervised release. Finding no error, we affirm.

Under § 4214(c), a revocation hearing must be held within 90 days of arrest on a violation if the violator waives his right to a preliminary hearing, admits the violations during a preliminary hearing, or is arrested after having been convicted of a criminal offense committed while on supervised release. 18 U.S.C. § 4214(c). This provision does not apply to Alexander because he did not waive a preliminary hearing, did not admit to the violations, and the alleged violations were not based on new criminal conduct. Moreover, we find no unreasonable delay in holding the revocation hearing.

Alexander alleges that the revocation was based on "tainted evidence." We review the district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court need only find a supervised release violation by a preponderance of the evidence. *Id.* at 191 (citing 18 U.S.C. § 3583(e)(3)). Based on our review of the record, we conclude that there was ample evidence adduced at the revocation hearing from which the district court could find that Alexander violated the terms of his supervision by failing to report to the

probation office as directed.  We therefore conclude that the district court did not abuse its discretion in revoking Alexander's supervised release.  Moreover, we find that the sentence imposed upon revocation—time served plus 29 months—is within the statutory maximum pursuant to 18 U.S.C. § 3583(e)(3) and is not an abuse of discretion.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*